**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jose Adalberto Rivas-Pimentel,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No. CV-25-04720-PHX-KML (CDB)

**ORDER**

On April 2, 2026, petitioner filed a motion for attorneys' fees. (Doc. 15.) That motion seeks $22,292.18 for 86.25 hours. (Doc. 15 at 31.) Respondents did not file an opposition. Under the Equal Access to Justic Act ("EAJA"), "[i]t is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). By failing to file an opposition, the government has not carried its burden. *See also Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004) (court is not required to "to search out and research arguments that the other side does not make or sua sponte to initiate an opposition to a fee request where none is offered"). Petitioner is entitled to an award of fees.

Petitioner's entitlement to fees does not mandate an award of the full amount requested. *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015) ("lack of opposition" to fees request does not require award of full amount requested). The court may review "the reasonableness of the amount of fees sought under

the EAJA regardless of whether the request is opposed." *Douzat v. Saul*, No. 2:17-CV-01740-NJK, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020). That review begins with "multiplying the number of hours reasonably expended by a reasonable hourly rate." *Id.* The billing records show a total of 86.25 hours spent litigating this relatively straightforward habeas petition. Not all of those hours were reasonable.

The records show two hours interviewing petitioner and four hours preparing petitioner's five-page declaration in support of his petition. (Doc. 15 at 30.) No more than three hours is reasonable for those tasks. Counsel then spent 27 hours drafting the memorandum in support of the motion for temporary restraining order, 27 hours drafting the memorandum in support of the petition, and four hours drafting the civil cover sheet. Based on the overlap between these tasks, 58 hours was excessive. A reasonable amount of time to produce the motion and memorandum was 20 hours total. Four hours drafting the civil cover sheet was excessive, and that amount is removed entirely. Counsel then spent 13 hours researching the EAJA and drafting the motion for fees. Based on the contents of those documents, no more than eight hours was reasonable. These reductions total 50 hours, leaving 36.25 hours as the starting point. The requested hourly rate is $258.46, the statutory rate adjusted for cost of living. That rate is reasonable.

The lodestar is 36.25 hours multiplied by $258.46, for a total of $9,369.18. There is no basis for adjusting the lodestar, so petitioner is awarded that amount.

**IT IS ORDERED** the Motion for Attorneys' Fees (Doc. 15) is **GRANTED IN PART**. Petitioner is awarded $9,369.18 in attorneys' fees. Respondents shall pay that amount to petitioners' counsel within thirty days of the date this order is docketed.

Dated this 1st day of October, 2026.

Krissa M. Lanham

**Honorable Krissa M. Lanham**
**United States District Judge**